NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BIDYUT NIYOGI,  :
 :
    Plaintiff,  :  Civ. No. 05-4685 (AET)
 :
v.  :
 :  MEMORANDUM & ORDER
INTERSIL CORPORATION,  :
 :
    Defendant.  :
 :

THOMPSON, U.S.D.J.

I.    Introduction

    This matter comes before the Court on (1) Defendant Intersil Corporation's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, to Transfer Venue to the United States District Court for the Middle District of Florida, and (2) Defendant's Motion to Strike Plaintiff's Sur-Reply. The Court has considered the parties' written submissions, and has made its determination without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, the Court will grant Defendant's motions.

II.    Background

    Plaintiff Niyogi is the principal for Transnational Enterprises, Inc. ("Transnational"), a now-defunct Florida corporation that provided international patent law services. Defendant is one of Transnational's former clients. On September 23, 2005, Plaintiff filed a complaint against Defendant alleging four counts: (I) that Defendant attacked Plaintiff's professional standing,

character, reputation, and thereby prevented Plaintiff from practicing patent law in the United States; (II) that Defendant aided and abetted other parties in the disruption of Transnational's business; (III) that Defendant used Plaintiff's and Transnational's trade secrets and confidential information without permission; and (IV) that Defendant did not pay invoices issued by Transnational.

III.    Discussion

    A.    Standing

As a threshold matter, the Court will address Defendant's argument that Plaintiff does not have standing to pursue Counts I, II, III, and IV on behalf of Transnational. Because standing is a jurisdictional matter, the Court will construe the argument as one for dismissal under Rule 12(b)(1). See Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 733 (3d Cir. 1970) ("[W]e must not confuse requirements necessary to state a cause of action . . . with the prerequisites of standing."). In reviewing a motion to dismiss based on a factual attack on subject matter jurisdiction, a court does not presume that the plaintiff's allegations are true. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Instead, a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. The plaintiff has the burden of proving that jurisdiction exists. Id. If a court finds that it does not have subject matter jurisdiction, then it must dismiss the action under Fed. R. Civ. P. 12(h)(3).

The issue of whether an individual has standing to sue on behalf of a corporation is governed by state law. See In re Pittsburgh & L.E.R. Co. Sec. & Antitrust Litig., 543 F.2d 1058, 1065 (3d Cir. 1976). The Court will apply Florida law because, under New Jersey's choice of law rules, Florida is the state with the "most meaningful connections with and interests in the

transaction and the parties." NL Indus., Inc. v. Commercial Union Ins. Co., 65 F.3d 314, 319 (3d Cir. 1995) (discussing New Jersey's choice of law rules); see also In re Sunrise Sec. Litig., 916 F.2d 874, 881 (3d Cir. 1990) (looking to state law for guidance). Under Florida law, an individual may not sue for injury to a corporation in his own name, but instead must bring the action in the name of the corporation. Lincoln Oldsmobile, Inc. v. Branch, 574 So. 2d 1111, 1114 (Fla. Dist. Ct. App. 1990). This concept holds even where the individual is the sole stockholder of the corporation. Id. A stockholder, however, may sue on a corporation's right of action in a derivative action where the corporation has refused to bring suit due to fraud, bad faith, or a gross abuse of discretion by the board of directors. James Talcott, Inc. v. McDowell, 148 So. 2d 36, 37 (Fla. Dist. Ct. App. 1962).

Plaintiff alleges that he is the principal of Transnational. The Complaint makes clear that Plaintiff established and was instrumental in running Transnational. In addition, Defendant has provided documentation showing that Plaintiff acted as the President of Transnational. Despite Plaintiff's position in the corporation, however, Plaintiff does not have standing to maintain an action in his own name where the alleged injury is to the corporation. Lincoln Oldsmobile, Inc., 574 So. 2d at 1114.

Plaintiff does not allege that he is a shareholder of Transnational. Even assuming that Plaintiff is a shareholder, Plaintiff would not be able to proceed on Transnational's right of action through a derivative suit because there is no evidence of fraud, bad faith, or a gross abuse of discretion by Transactional's board of directors. James Talcott, Inc., 148 So. 2d at 37. As a result, the Court will dismiss the claims that Plaintiff asserts on behalf of Transnational, namely Counts II and IV in their entirety and Count III in relevant part.

In addition, the Court notes that Plaintiff is attempting to proceed on Transnational's claims as a pro se litigant.  A corporation cannot be represented pro se, and must be represented by counsel to litigate its rights in federal court.  Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-03 (1993); Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1966).  Thus, if Transnational wishes to pursue its claims in this Court, it will need to engage counsel.

B.    Motion to Dismiss for Failure to State a Claim

A court will dismiss a claim under Rule 12(b)(6) "only if it appears that the Plaintiff could prove no set of facts that would entitle him to relief."  Dobrek v. Phelan, 419 F.3d 259, 263 (3d Cir. 2005).  All factual allegations and reasonable inferences from those allegations are accepted as true, and viewed in the light most favorable to the plaintiff.  Id.  Further, "[t]he issue is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims."  Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).  If, on its face, a complaint shows a lack of compliance with the applicable statute of limitations, then a court may dismiss for failure to state a claim.  Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).

Defendant argues that Counts I and III should be dismissed because they were not timely asserted within the applicable statutes of limitations.  Count I alleges that Defendant "attack[ed] the professional character, reputation of Niyogi, and [caused Plaintiff to be] disbar[red] . . . before the USPTO."  The Court construes this claim as alleging defamatory acts such as libel and slander.  Under Florida law, an action for libel or slander must be brought within two years.  Fla. Stat. Ann. § 95.11(4)(g).  Plaintiff alleges that Defendant defamed him by filing a complaint

against him with the United States Patent and Trademark Office ("USPTO"). The USPTO complaint was filed by Defendant in November 2001. Because the alleged defamatory act occurred more than two years before Plaintiff filed his Complaint in the instant case on September 23, 2005, the Court will dismiss Count I as time barred.

Count III alleges that Defendant is using Plaintiff's trade secrets without permission. An action for misappropriation of trade secrets must be brought within 3 years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered. Fla. Stat. Ann. § 688.007. A continuing misappropriation is treated as a single claim. Id. When Defendant ended its relationship with Plaintiff, it retrieved all of its files from Plaintiff's office. Plaintiff alleges that those files contained confidential information including a list of his international contacts, his specially negotiated rates with his international associates, and his methods for drafting international patent applications. Plaintiff indicates in his Complaint that the alleged misappropriation began when Defendant reclaimed its files from Plaintiff in October 2001. Because Plaintiff filed this claim after the three-year statute of limitations, the Court will also dismiss Count III.

  C. Transfer of Venue and Plaintiff's Liquidated Damages Claim

Because the Court has determined that it should dismiss all of the Counts of the Complaint, it need not consider whether venue should be transferred to the Middle District of Florida, or whether Plaintiff's claim for specified amounts of liquidated damages should be stricken under Local Civil Rule 8.1.

  D. Motion to Strike Sur-Reply

Under Local Civil Rule 7.1 (d)(6), sur-replies may only be filed with the permission of

the Court. Because Plaintiff did not request permission to file a sur-reply, the Court will strike his sur-reply.

IV.    Conclusion

For the foregoing reasons, and for good cause shown,

IT IS on this 26th day of April, 2006,

ORDERED that Defendant's Motion to Dismiss [5] is GRANTED; and it is further

ORDERED that the Complaint is DISMISSED; and it is further

ORDERED that Defendant's Motion to Strike Plaintiff's Sur-Reply [11] is GRANTED; and it is further

ORDERED that Plaintiff's Sur-Reply is STRICKEN [12]; and it is further

ORDERED that this case is CLOSED.

s/ Anne E. Thompson  
ANNE E. THOMPSON, U.S.D.J.