NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BIDYUT NIYOGI, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 05-4685 (AET) |
| | : | |
| v. | : | |
| | : | MEMORANDUM & ORDER |
| INTERSIL CORPORATION, | : | |
| | : | |
| Defendant. | : | |

THOMPSON, U.S.D.J.

I.   Introduction

This matter comes before the Court on Defendant Intersil Corporation's Motion for Sanctions pursuant to Fed. R. Civ. P. 11. The Court has made its determination after considering Defendant's written submissions. Pursuant to Fed. R. Civ. P. 78, no oral argument was held. For the following reasons, the Court will deny Defendant's motion.

II.   Background

Plaintiff Bidyut Nigoyi, a pro se litigant, filed a complaint against Defendant on September 23, 2005, alleging claims of defamation, breach of contract, misappropriation of trade secrets, and tortious interference with a business relationship. Defendant filed a motion to dismiss on November 22, 2005, arguing that Plaintiff lacked standing to bring certain of his claims, and was barred by the applicable statute of limitations for other claims. The Court granted Defendant's motion to dismiss on April 27, 2006. In connection with the motion to dismiss, Defendant wrote a letter to the Court on or about February 1, 2006 alleging that Plaintiff

had made misrepresentations to the Court, and had filed a frivolous lawsuit. In that letter, Defendant requested that the Court provide a schedule for it to file an application for Rule 11 sanctions against Plaintiff. The Court responded by informing Defendant that, if it wished to pursue an application for Rule 11 sanctions, it should file a formal motion in accordance with the schedule set out by Local Civil Rule 7.1. D.N.J. Civ. R. 7.1(d). Defendant filed its motion for sanctions on May 11, 2006. On or about May 22, 2006, Defendant wrote a letter informing the Court that Plaintiff had refused service of the motion. Soon thereafter, Plaintiff wrote a letter requesting a copy of the motion papers from Defendant. Plaintiff also requested that the Court grant him an extension of time to respond. The Court granted that request, as well as a subsequent request for a second extension of time, and ultimately adjourned the motion until July 17, 2006. Plaintiff's opposition papers were due on July 3, 2006. Plaintiff submitted a third request for an extension of time on or about July 13, 2006. The Court denied this request. Plaintiff then submitted his opposition brief on or about July 17, 2006.

III.    Discussion

    A.    Standard Under Rule 11

Under Rule 11(b), when an attorney or unrepresented party presents a "pleading, written motion, or other paper" to the court, that person is certifying (1) that the papers are not being presented for any improper purpose, such as harassment, unnecessary delay, or needless increase in the cost of litigation; (2) that the claims, defenses, and other legal contentions are warranted by existing law or are nonfrivolous; (3) that the allegations and factual contentions have evidentiary support; and (4) that the denials of factual contentions are warranted by the evidence or are reasonably based on a lack of information and belief. Fed. R. Civ. P. 11(b). If a court finds that

Rule 11(b) has been violated, it may impose "an appropriate sanction" on the offending party after notice and a reasonable opportunity to respond.  Fed. R. Civ. P. 11(c).  A sanction imposed under Rule 11(c) "shall be limited to what is sufficient to deter repetition of such conduct" and "may consist of . . . directives of a nonmonetary nature, . . . or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation."  Fed. R. Civ. P. 11(c)(2).

  A court evaluates an offending party's conduct under Rule 11(b) by considering if the conduct was "reasonable[] under the circumstances."  Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 289 (3d Cir. 1991).  Namely, a court looks to whether the offending party had an "'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact."  Id. (quoting Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1359 (3d Cir. 1990)).  At a minimum, Rule 11 requires a party presenting papers to a court to conduct a "reasonable inquiry into both the facts and the law supporting [those papers]."  Brunner v. AlliedSignal, Inc., 198 F.R.D. 612, 616 (D.N.J. 2001).  A finding of bad faith is not required for an imposition of sanctions.  Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir. 1995).

  A pro se plaintiff is not shielded from sanctions under Rule 11.  Bayer v. Monroe County Children & Youth Servs., No. Civ. A. 3:04-CV-2505, 2005 WL 2216585, at * 5 (M.D. Pa. Sept. 12, 2005).  However, in considering whether to impose Rule 11 sanctions, a court may take into account a pro se plaintiff's status as a someone who is "untutored in the law."  Barbee v. State Farm Mut. Auto. Ins. Co., No. Civ. A. 93-3886, 1993 WL 429167, at *5 (E.D. Pa. Oct. 22, 1993); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se pleadings to a less

stringent standard than pleadings drafted by an attorney).

When a party files a motion seeking Rule 11 sanctions, it must abide by Rule 11's safe harbor provision. Fed. R. Civ. P. 11(c)(1)(A); Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa., 103 F.3d 294, 298 n.3 (3d Cir. 1996). Under the safe harbor provision, a motion for sanctions must be made separately from other motions, and must not be filed with the court until 21 days after it has been served on the offending party. Fed. R. Civ. P. 11(c)(1)(A). The 21-day period allows the offending party to withdraw or correct a challenged paper, claim, defense, contention, allegation, or denial. Id.; see also Zuk, 103 F.3d at 298 n.3.

B.   Analysis

Defendant files the present motion for sanctions with regard to Plaintiff's submissions to the Court in relation to Defendant's motion to dismiss. Defendant contends that Plaintiff is a veteran patent agent who "clearly knew how to access and utilize the law when it suited his purposes." (Def.'s Br. in Supp. 10.) Defendant argues that Plaintiff failed to conduct a reasonable investigation of the law, and that Plaintiff set forth claims in his complaint that were "patently frivolous." Id. Although Plaintiff filed an opposition brief in response to Defendant's motion, the Court has disregarded that response because Plaintiff filed his brief late despite being granted two extensions of time.

The Court disagrees with Defendant's assessment of Plaintiff's ability to navigate the law. Plaintiff's letters, pleadings, and motion briefs do not appear to be drafted by a person with legal training. It is also not clear to the Court that Plaintiff's experience as a patent agent would be helpful in light of the types of claims alleged in his complaint. Although the Court is disturbed by Plaintiff's refusal of service and failure to follow deadlines in the present motion for

sanctions, it will confine its inquiry to whether Plaintiff's paper submissions to the Court in connection with Defendant's motion to dismiss were violative of Rule 11(b). See Fed. R. Civ. P. 11(b). The Court notes that Plaintiff's complaint was dismissed by way of a Rule 12(b)(6) motion at an early stage of the action. Plaintiff's claims were dismissed on standing and statutes of limitations grounds. Considering the circumstances, the Court cannot conclude that Plaintiff was aware that his claims were not well-grounded in law and fact. Accordingly, the Court will not award sanctions against Plaintiff. However, Plaintiff is now on notice that he may be subject to sanctions in the future if he files another lawsuit pursuing the same claims that were dismissed in the present action.

In addition, the Court notes that Defendant's motion is deficient because Defendant makes no indication that it complied with the safe harbor provision of Rule 11(c)(1)(A). Although the Court directed Defendant to file its motion pursuant to this District's local rules in response to Defendant's request for a briefing schedule, Defendant was not excused from complying with the requirements of Rule 11. Based on the above circumstances, as well as on Defendant's failure to follow Rule 11(c)(1)(A), the Court denies Defendant's motion for sanctions.

IV.   Conclusion

For the foregoing reasons, and for good cause shown,

IT IS on this 29th day of August, 2006,

ORDERED that Defendant's Motion for Sanctions [19] is DENIED.

                                               s/ Anne E. Thompson
                                               ANNE E. THOMPSON, U.S.D.J.